**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JANET SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER**: 09-01039-BAJ-DLD |
| **EMPLOYERS MUTUAL CASULTY COMPANY, ET AL** | |

## ORDER

This matter is before the court on a referral from the district court of plaintiff's motion to quash and for protective order. (rec. doc. 19). The motion is opposed.

### *Background*

On or about November 19, 2009, plaintiff filed a state court petition for an automobile accident which occurred on April 24, 2009, in which the vehicle she was driving was rear-ended. In her petition, plaintiff alleged, among other things, that she suffered "severe injuries" which have caused and will cause her "residual disability, disfigurement and scarring, past and future pain and suffering, past and future mental anguish and distress, past and future loss of enjoyment of life, past and future medical expenses, and loss of past and future earnings or income earning capacity." (rec. doc. 1-2, pg. 3) Defendants removed the case on the basis of diversity jurisdiction, 28 U.S.C. §1332, alleging that the parties are diverse and that the amount in controversy is satisfied.

### *The Motion to Quash and for Protective Order*

On or about December 1, 2010, defendant issued a subpoena *duces tecum* to the medical records custodian for Dr. James Stenhouse/Louisiana Women's Healthcare Associates, requesting the following:

Certified copies of any and all medical records and non-medical documents in your possession including records relating to the patient's physical and/or mental treatment, diagnosis & prognosis, diagnostic testing; as well as insurance claim forms, and or bills reflecting payments and balances, etc. pertaining to Janet Joyce Smith. . . .

On January 21, 2011, plaintiff filed the instant motion, seeking to quash this subpoena and requesting a protective order prohibiting the production of any medical records from this medical provider. Plaintiff contends that this is her OB/GYN physician, and records from this physician are highly sensitive in nature, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence in this matter. Plaintiff argues that this case involves orthopedic injuries to her spine, and any effort to secure her OB/GYN records is a fishing expedition and/or an effort to harass or intimidate her. Plaintiff also asserts that Dr. Stenhouse has not been listed as a witness and she has "not indicated that she has any intention of submitting her OB/GYN records at trial." (rec. doc. 19)

Defendants admit that they seek plaintiff's OB/GYN records, and explain that plaintiff claims injuries to her wrist, knee, back, leg and neck; delivered twins 26 days prior to the subject accident; this provider is the one provider plaintiff can recall visiting in the last 10 years; and she testified in her deposition of August 5, 2010, as follows:

Q. Okay. When did your knee pain start?

A. About the same time as my back. About two weeks after. Because I was walking around and didn't know if it was from my -- just carrying twins or if it was really from the accident.

Defendant contend that because Dr. Stenhouse was plaintiff's only treating physician prior to the accident, and that plaintiff did not know whether her initial pain was caused by the

accident or her pregnancy, good cause has been shown that entitles them to these records. (rec. doc. 20)

## *GOVERNING LAW*

Federal Rule of Civil Procedure 26(b) allows "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. The Federal Rules of Civil Procedure therefore permit broad discovery, allowing inquiry into any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party. *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991); Fed. R. Civ. P. 26(b)(1). Once a relevancy objection has been raised, the party seeking the discovery must demonstrate that the request is within the scope of discovery. Once this showing has been made, the responding party must make a showing of some sufficient reason why discovery should not be allowed. *Andritz Sprout- Bauer, Inc. v. Beazer East, Inc.*, 174 F.R.D. 609 ( D.C. Pa. 1997). A showing of sufficient reason requires that the responding party clarify and explain their objections, and provide support for those objections. *Krawczyk v. City of Dallas*, 2004 WL 614842, *6 (N.D.Tex. Feb.27, 2004) (citing *Ahern v. Trans Union LLC Zale Corp.*, 2002 WL 32114492, *2 (D.Conn. Oct.23, 2002)). The party resisting discovery has the burden to establish the lack of relevance by showing that the requested discovery either is outside the broad scope of relevance as defined by Rule 26(b)(1), or is of such marginal relevance that the potential harm that would arise from discovery outweighs the "ordinary presumption in favor of broad disclosure." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467 (N.D. TX 2005), *quoting Scott v. Leavenworth Unified School Dist. No. 453*, 190 F.R.D. 583, 585 (D.Kan. 1999) (*citing Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D.Kan. 1999).

*DISCUSSION AND ANALYSIS*

The ordinary presumption in discovery is in favor of broad disclosure, and it is within the court's discretion to set parameters regarding discovery. In this case, defendants seek Dr. Stenhouse's records in relationship to the medical causation of her claimed back injuries. The court notes that it is customary for defendants to seek information regarding past medical records as those records may speak to defendants' liability in a lawsuit. It is not the fault of defendants that plaintiff's only medical records prior to the subject accident are held by her OB/GYN, and it appears to the court that defendants recognize the potential sensitivity of these records as defendants have stated that they do not intend to divulge plaintiff's medical history to third parties, and will promptly return the records after the conclusion of this litigation. Plaintiff has placed her medical condition squarely at issue with her claims of back injuries and her inability to relate those back injuries only to the subject accident. However, the court is also aware that some of the contents of these records may not be relevant to the suit at hand, *e.g.* records dealing with issues outside any claims raised by plaintiff in this suit. Thus, in balancing defendants' need for the discovery with plaintiff's need for protection from an abuse of the discovery process, the court finds that the defendants have established good cause for the production of these records, but that such records shall not be produced until such time as the parties have fashioned a joint protective order regarding these records and their confidentiality.

Accordingly,

**IT IS ORDERED** that plaintiff's motion to quash and for protective order is **DENIED**.

**IT IS FURTHER ORDERED** that within 14 days of this order, the parties shall submit a joint protective order regarding the confidentiality of these documents, and the protective

order shall be in compliance with the court's rules, including its administrative procedures regarding sealed and/or confidential documents.

Signed in Baton Rouge, Louisiana, on March 15, 2011.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**